UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4556

ORLANDOUS L. MAYE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-99-104)

Submitted: February 15, 2000

Decided: February 28, 2000

Before TRAXLER and KING, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph N. Bowman, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, G. David Hackney, Assistant United
States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Orlandous L. Maye was convicted by a jury of assisting in the preparation of false tax returns, 26 U.S.C. § 7206(2) (1994) (Counts 1-13), and witness tampering, 18 U.S.C.A. § 1512(b)(1) (West Supp. 1999) (Count 18). He pled guilty to submitting false personal tax returns, 26 U.S.C. § 7206(1) (1994) (Counts 15-17).* The district court sentenced Maye to a term of seventy-one months imprisonment. Maye appeals his § 7206(2) convictions and his sentence. He alleges that the district court clearly erred in determining the tax loss and departed upward without explanation in sentencing him for witness tampering. He also contends that the evidence was insufficient to support his convictions under § 7206(2). We affirm.

Maye worked as a correctional officer at Lorton Reformatory from 1991 to 1998. In 1993, he started a tax preparation business. Between 1993 and 1995, he prepared 600 tax returns, mostly for correctional officers and other personnel at Lorton. He did not report the income he received for preparing tax returns and, in all but one case, did not sign the tax returns he prepared for others. After the Federal Bureau of Investigation and the Internal Revenue Service investigated his activities, Maye was charged with submitting false tax returns for himself, assisting in the preparation of false tax returns for others, and witness tampering. Maye pled guilty to submitting tax returns for himself that omitted taxable income and overstated exemptions, deductions, and expenses for the years 1993, 1994, and 1995. He went to trial on the remaining charges.

During the investigation, federal agents examined fifty-one tax returns prepared by Maye for seventeen taxpayers, all of which made fraudulent claims for Schedule A deductions resulting in large refunds. The taxpayers told the agents that they knew nothing about the claimed deductions and had not provided documentation for them to Maye. Four of the taxpayers who had been interviewed testified at

_____

*Count 14 was dismissed on the government's motion when Maye entered his guilty plea. Count 19 was dismissed by the district court after the jury was unable to reach a verdict on that count.

Maye's trial. Another testified that Maye called him before his grand jury testimony and threatened to sue him or hurt him if trouble resulted for Maye.

In sentencing Maye, the district court calculated the guideline range by grouping all the counts in one group as closely-related counts, see USSG § 3D1.2(c),(d), and estimated that the tax loss resulting from Counts 1-13 was more than $2.5 million. The tax loss was estimated by taking the average tax loss for the fifty-one returns examined by the agents ($4176), multiplying that amount by 600, and adding the loss from Maye's own tax returns ($21,054), for a total of $2,505,600. With other enhancements, Counts 1-13 produced an offense level of 25, which became the offense level for the whole group of counts because it was higher than the offense levels for the other counts. See USSG § 3D1.3.

Maye argues that the tax loss determined by the district court was not proved by a preponderance of the evidence. However, Application Note 1 to § 2T1.1 (incorporated into Application Note 1 to § 2T1.4, the guideline applicable to Counts 1-13) provides that, "when indirect methods of proof are used, the amount of the tax loss may be uncertain." In such cases, "the guidelines contemplate that the court will simply make a reasonable estimate based on the available facts." Id.; see also United States v. Bryant, 128 F.3d 74, 75-76 (2d Cir. 1997) (district court may estimate amount of tax loss in§ 7206(2) case). We find that the district court did not clearly err in multiplying the average known loss by 600 to obtain an estimate of the total tax loss.

Next, Maye asserts that the district court departed upward in sentencing him to seventy-one months for Count 18. The guideline range for that count would have been 15-21 months had Maye been convicted only of witness tampering. However, because he was convicted of multiple counts, the combined offense level was used to determine the guideline range for all counts of conviction. See USSG §§ 3D1.1-1.5. The district court did not depart from the guideline range. Maye also claims that, if Count 18 was properly grouped with the other counts of conviction, the combined offense level should have been 17 rather than 25, because the tax loss was improperly determined by the district court. This argument is without merit because, as explained above, the district court did not clearly err in determining the tax loss.

3

Finally, Maye contends that the evidence was insufficient to support his conviction on Counts 1-13 (assisting in preparation of false tax returns). To prove a violation of § 7206(2), the government must prove that (1) the defendant aided, assisted, or otherwise caused the preparation and presentation of a return; (2) the return was fraudulent or false as to a material matter; and (3) the act of the defendant was willful. See United States v. Aramony, 88 F.3d 1369, 1382 (4th Cir. 1996). A conviction must be sustained if, viewed in the light most favorable to the government, substantial evidence supports it. See Glasser v. United States, 315 U.S. 60, 80 (1942).

Maye contends that the government failed to prove that the tax returns he prepared were false or fraudulent as to any material matter. However, the indictment charged that Maye aided the taxpayers in overstating exemptions, deductions, and expenses, resulting in an understatement of taxable income and leading to refunds to which the taxpayers were not entitled. (JA-I at 9). Because the false information supplied by Maye decreased the tax liability and increased the refunds of Maye's clients, the returns were false as to material matters. Consequently, the convictions were supported by substantial evidence.

We therefore affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4